IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

WORKERS COMPENSATION
BOARD OF MANITOBA,
individually, and on behalf of
CORY RATTAI,

    Plaintiff,

vs.

KEVIN MEYERHOFER and
MEYERHOFER BAGGING, L.C.,

    Defendants.

------

KEVIN MEYERHOFER and
MEYERHOFER BAGGING, L.C.,

    Third-Party Plaintiffs,

vs.

AT FILMS, INC.,

    Third-Party Defendant.

No. C11-2072

ORDER FOR REMAND

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   RELEVANT FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . 2

III.   DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.   *Removal By Third Parties* . . . . . . . . . . . . . . . . . . . . . . 6
    B.   *Removal's Rule of Unanimity* . . . . . . . . . . . . . . . . . . . . . 8
    C.   *Original Jurisdiction of the District Court* . . . . . . . . . . . . . . 9
        1.   *Forum Defendant Rule* . . . . . . . . . . . . . . . . . . . . . . 9
        2.   *Federal Question* . . . . . . . . . . . . . . . . . . . . . . . . 10
        3.   *Separate or Independent Claim or Cause of Action* . . . . . . . 11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V.   ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

This matter comes before the Court on the Motion to Remand (docket number 14) filed by Plaintiff Workers Compensation Board of Manitoba ("Manitoba") on December 9, 2011, requesting remand of the entire case to the Iowa District Court for Mitchell County. Defendants Meyerhofer and Meyerhofer Bagging, LLC filed a Joinder to Plaintiff's Motion to Remand. *See docket number 15*. Third-party Defendant AT Films, Inc. filed its Notice of Removal (docket number 2) on November 15, 2011, claiming its removal was authorized by 28 U.S.C. § 1441, and submitted a Resistance (docket number 17) to Manitoba's motion on December 27, 2011.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

This case is a personal injury suit arising between an Iowa resident and a Canadian workers compensation agency, suing on behalf of a Canadian truck driver who was injured delivering Canadian goods to Iowa. The goods' manufacturer, a Canadian entity, was brought into the case by the Iowa defendant and now seeks to remove the state court action to the federal court. Both the Iowa defendant and the Canadian workers compensation agency oppose the removal and filed motions to remand the case to state court. Because third-party defendant removal under these circumstances is not authorized by 28 U.S.C. § 1441, this court does not have subject matter jurisdiction and the case must be remanded to state court.

On December 22, 2008, Defendant Meyerhofer ordered a shipment of plastic products from AT Films, Inc., a Canadian business. AT Films packaged the products on three wooden pallets and contracted a Canadian trucking company to deliver the goods from Canada to Meyerhofer's Iowa farm. Cory Rattai was the truck driver for the order. Upon arrival two weeks later, Meyerhofer began unloading the pallets from the trailer with a forklift. During unloading, a pallet fell from the forklift, seriously injuring Rattai, who was inside the trailer.

Rattai's home province of Manitoba provides compensation for injuries incurred in the course of employment. Accordingly, the Workers Compensation Board of Manitoba paid $96,000 on behalf of Rattai for medical costs and lost wages. In exchange, Rattai's right to take private legal action for his damages was assigned to the Board. Pursuant to the Workers Compensation Act of Manitoba, the Workers Compensation Board of Manitoba is authorized to recover costs paid to an injured worker from a responsible party. Accordingly, Manitoba filed suit against Meyerhofer and his business on theories of negligence, premises liability, and subrogation.

On October 1, 2010, Manitoba filed a petition in the Iowa District Court for Mitchell County to recover damages on behalf of Rattai. Meyerhofer answered on November 16, 2010. On July 12, 2011, Meyerhofer moved to amend their previously-filed answer to add a Third-Party Claim for Contribution and/or Indemnification against AT Films. After the state court granted the motion to amend, Meyerhofer served a third-party complaint for indemnification and contribution against AT Films on October 26, 2011.

On November 15, 2011, AT Films filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, claiming this Court has jurisdiction. In response, on December 9, 2011, Manitoba filed the instant motion to remand pursuant to 28 U.S.C. § 1447(c). That same day, Meyerhofer filed a Joinder in motion to remand. AT Films filed its brief in opposition to the motion on December 27, 2011. Plaintiff filed a reply brief on January 3, 2012.[1]

---

[1] With the consent of the parties, this case was referred to the undersigned Magistrate Judge for all further proceedings, pursuant to 28 U.S.C. § 636(c). *See* Order of Reference (docket number 19) at 3-4.

## III. DISCUSSION

To avoid local state court prejudice and ensure competency and uniformity regarding issues of federal law, Congress has provided three ways that parties can avail themselves of federal jurisdiction: (1) a plaintiff, as master of his suit, can file a complaint directly in federal district court; (2) a defendant may remove a lawsuit filed in state court to a federal court; and (3) either party may appeal a state claim in federal court. The second method – removal to federal court by a defendant – is at issue here. Removal rights in civil actions are governed by 28 U.S.C. § 1441, which provides:[2]

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as

---

[2] Congress recently amended 28 U.S.C. §§ 1441 and 1446. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758. The instant action was "commenced" in state court with the filing of Manitoba's complaint in October 2010, *see* Iowa R. Civ. P. 1.301(1), and, therefore, the recent amendments to the removal statutes do not apply to this case. Pub.L. No. 112-63, § 105, 125 Stat. at 762 ("[T]he amendments made by this title shall take effect upon the expiration of the 30-day period beginning on [December 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date. . . . [A]n action . . . commenced in State court and removed to Federal court shall be deemed to commence on the date the action . . . was commenced, within the meaning of State law, in State court."). *See Christiansen v. West Branch Community School Dist.*, 2012 WL 952813, *3 (8th Cir. Mar. 22, 2012).

> defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441 (West 2011). In other words, a defendant can remove an action based on (1) issues of federal question, 28 U.S.C.A. § 1441(b) (West 2011); (2) diversity of citizenship, provided that no defendants are a citizen of the state where suit currently proceeds, 28 U.S.C.A. § 1441(a)-(b) (West 2011); and (3) statutory authorizations through Congress, 28 U.S.C.A. § 1441(a) (West 2011) ("Except as otherwise expressly provided by Act of Congress"); 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3728 (4th ed. 2009). The issue in the instant action is whether a third-party defendant – that is, one who was impleaded by the original defendant – may properly remove a suit when the cause of action originates, and the original defendant resides, in the state where the action is brought. The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted).

AT Films argues that federal courts had original jurisdiction over the underlying claim under 28 U.S.C. §§ 1331 and 1332, and therefore AT Films has a right of removal under 28 U.S.C. § 1441(b). In response, Manitoba argues that AT Films improperly removed the action for three reasons. First, third-party defendants are not included in the meaning of the word "defendants" found in § 1441(a), and therefore are not authorized to remove. Second, AT Films may not avail itself of the § 1441(c) removal because AT Films is not party to a "separate and independent claim or cause of action." Third, any

§ 1441(c) removal also fails because AT Films does not raise a federal question under § 1331. Alternatively, Manitoba asks the Court to sever its case from Meyerhofer's third-party claim should AT Film's removal be granted. Meyerhofer joined Manitoba in the motion to remand, but disagreed on the issue of severability, instead asking the Court to remand the case in its entirety. In response, AT Films asserts that Eighth Circuit case law permits third-party removal under *Kansas Public Employee Retirement Services v. Reimer & Koger Associates, Inc.*, 4 F.3d 614 (8th Cir. 1993). AT Films also insists removal is proper under §§ 1441(a) and (b) because the case involves a federal question: according to AT Films, a tort claim in the United States of a Canadian worker falls within the purview of the North American Free Trade Agreement ("NAFTA"), thus invoking federal question jurisdiction.

### A. Removal By Third Parties

To argue that third-party defendants are not entitled to remove, Manitoba relies on *Lewis v. Windsor Door Co.*, 926 F.2d 729 (1991). In *Lewis*, the plaintiff sued a garage door manufacturer and local installer in state court on a products liability theory and other state claims. One defendant impleaded the United States as a third-party defendant on tort and implied contract of indemnity claims pursuant to the Federal Tort Claims Act ("FTCA"). Recognizing the FTCA requires lawsuits against the federal government to be tried in federal court, the United States attempted to remove the entire case to federal district court. Instead, the Eighth Circuit vacated the lower court's ruling, and held that § 1441(c) does not authorize the United States' third party claim to remove the suit to a federal district court previously lacking original jurisdiction. The court in *Lewis* also denied removal because the third-party claims were not sufficiently separate and independent to satisfy § 1441(c).

In response, AT Films relies on *Kansas Pub. Employees Ret. Sys. vs. Reimer & Koger Associates, Inc.*, 4 F.3d 614 (8th Cir. 1993) for the proposition that the Eighth Circuit permits § 1441 removal by a third-party defendant. In *KPERS*, the Kansas Public

6

Employees Retirement System sued a banking institution in state court under theories of fraud and negligence relating to a failed investment. *Id.* at 616. The defendant bank impleaded Resolution Trust Company ("RTC") for negligent management of funds. *Id.* To prevent RTC from removing both the original and the third-party claims to federal court, KPERS sought and received an emergency severance order splitting the two claims, without properly notifying RTC beforehand. *Id.* at 616-17. The Eighth Circuit in *KPERS* ruled specifically on the validity of the severance order, but also recognized the power of the third-party defendant, RTC, to remove the entire case to federal court. *Id.* at 618-20. AT Films believes *KPERS* authorizes third-party removal where the district court has original federal jurisdiction.

Case law in the Eighth Circuit and several other circuits appears more in line with the *Lewis* rule. *See Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1119 (D. Minn. 2001) (holding that the court lacks a basis upon which to invoke federal jurisdiction in third-party defendant removal); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (holding that third-party defendants are not "defendants" for purposes of § 1441(a)); *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir. 1984) (holding, in part, that 28 U.S.C. § 1441(c) did not permit removal by third-party in general or by United States in particular). Indeed, the *KPERS* recognition of third-party removal is narrow -- there, the third-party defendant's right to remove was based on a special power created by Congress to allow financial institutions to remove as a third-party. *KPERS*, 4 F.3d at 618. Unlike *KPERS*, AT Films does not allege any authorizing statute applies other than § 1441, and *Lewis* makes clear that § 1441 itself does not entitle AT Films to remove. Like *Lewis*, this case could not be removed by the original defendants and the third-party claim is tort indemnification. *See Lewis*, 926 F.2d at 730 ("Lewis then joined Royal as a defendant, and because complete diversity of citizenship no longer existed, the case was remanded back to state court. Shortly thereafter, Royal impleaded the United States as a third-party defendant under both tort and

7

implied contract of indemnity theories"). In addition, denying Manitoba's motion to remand would impermissibly allow a third-party defendant's rights to exceed those of the original defendant. Because the Court finds that AT Films was without authority to remove the case to federal court, this Court lacks subject matter jurisdiction over the claims. Therefore, the Court must grant Manitoba's motion to remand.

### B. Removal's Rule of Unanimity

Even if this circuit permitted third-party removal, the action must still be remanded because the AT Films is the lone defendant in support of removal. Unmentioned in the removal statutes applicable to this case, but well-accepted among the circuits, the "rule of unanimity" requires all defendants to join in a notice of removal or the case will be remanded. *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001). This rule was recently cited in *Christiansen v. West Branch Community School Dist.*, 2012 WL 952813, *2 (8th Cir. Mar. 22, 2012) (holding that the rule of unanimity is satisfied where a co-defendant sufficiently consents to remove by incorporating the removing defendant's brief), and finally memorialized in the Code by recent legislation, 28 U.S.C.A. § 1446(b)(2)(A) (West 2012) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). In cases where this rule fails, the removal procedure is defective. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). Though no case law could be found specifically regarding unanimity requirements between a third-party defendant and the original defendant, the Court fails to see why the rights of a disagreeing third-party defendant should be greater than a disagreeing co-defendant.

Here, Meyerhofer unquestionably opposes removal by AT Films to federal court. Thus, even if AT Films had the right of removal, the Court is compelled to grant remand because AT Films failed to remove in unison with the other defendants.

## C. Original Jurisdiction of the District Court

Aside from § 1441(a) removal rights and the rule of unanimity, the Court must remand based on other principles of removal under §§ 1441(b) and (c). Generally, removal rights are contingent upon whether the district court would have original jurisdiction in the action. *First Nat. Bank of Aberdeen v. Aberdeen Nat. Bank*, 627 F.2d 843, 848 (8th Cir. 1980). Though AT Films rested its Notice of Removal upon diversity jurisdiction, its Resistance focused upon federal question jurisdiction. Whether removal of the case was proper is contingent upon the validity of AT Films' claims that the suit is between diverse parties and/or arose under federal law, either of which would indicate the district court had original jurisdiction under 28 U.S.C. §§ 1331 and 1332.

### 1. Forum Defendant Rule

Aside from federal question jurisdiction, diversity of the parties constitutes original jurisdiction for purposes of removal. 28 U.S.C. § 1332 (West 2011); 28 U.S.C. § 1441(b) (West 2011). In its initial Notice of Removal, AT Films based its § 1441 removal rights on the fact that the original Plaintiff is an entity established in Canada, the original Defendants are residents of and/or have their place of business in Iowa, and AT Films is a Canadian corporation. Therefore, it argues, § 1332 diversity exists, qualifying the case for removal.

Diversity jurisdiction requires so-called "complete diversity," that is, no defendant may be from the same state or foreign country as any plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); 28 U.S.C.A. § 1332(a)-(b) (West 2011). The fact that a nondiverse party, like AT Films, is impleaded does not destroy diversity jurisdiction. *Freeport-McMoran Inc. v. K. N. Energy, Inc.*, 498 U.S. 426, 427 (1991) (holding that diversity of citizenship is assessed at time action is filed and, once established, is not defeated by addition of nondiverse party to action); 28 U.S.C.A. § 1367 (West 2012). AT Films attempts to remove under § 1441, but overlooks the statute's one exception. "Under the so-called 'forum defendant rule,' a non-federal question case 'shall

be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)). In other words, if any of the defendants belongs to the state in which the state court claim is filed, then the case cannot be removed based on diversity jurisdiction.

AT Films plainly overlooked this exception to diversity jurisdiction in its Notice of Removal. Meyerhofer, an original defendant, is a citizen of Iowa while Meyerhofer Bagging, the other original defendant, is an entity whose principal place of business is in Iowa. Since Manitoba brought suit in an Iowa state district court, neither Meyerhofer nor Meyerhofer Bagging could remove the case based on diversity because of the forum defendant rule. The restriction equally applies to AT Films. The Court must conclude that § 1332 diversity jurisdiction is not permitted under § 1441(b).

### 2. *Federal Question*

Despite relying on diversity jurisdiction in its Notice of Removal, AT Films shifts its focus to federal question jurisdiction in its Resistance to the Motion to Remand. Federal question jurisdiction exists in "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C.A. § 1441(b) (West 2011). AT Films argues that the NAFTA trade agreement, a law passed by the United States Congress in 1993, establishes federal question jurisdiction because a Canadian worker was injured in the United States in the course of the international trade of goods and services. According to AT Films, this case sufficiently involves a federal question to avail itself of removal rights under § 1441(b).

Federal question jurisdiction is based on the claims identified in the plaintiff's complaint, not on a determination of what federal law – constitutional, statutory, or treaty-based – may also apply. Courts have long recognized that "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*,

241 U.S. 257, 260 (1916). However, a plaintiff cannot avoid removal by declining to plead "necessary federal questions" and instead "artfully pleading" only state-law claims of a federal issue. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). For example, in a securities fraud class action, the defendant-companies may remove to federal court a state law complaint where a federal law permitted removal for the specific kind of securities and harm alleged in the complaint. *See Romano v. Kazacsos*, 609 F.3d 512, 519 (2d Cir. 2010). To determine whether a cause of action necessarily implicates federal questions, one must examine whether the state cause of action is sufficiently preempted by a federal one or whether Congress expressly provides for removal of certain state law claims in state court. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Here, NAFTA is not a necessary federal question to decide these state law claims of negligence, premises liability, or subrogation. NAFTA governs tariffs and trade barriers as a means to promote economic integration via greater exchange of goods and services, and does not attempt to govern, let alone create, civil actions related to the exchange of goods and services. Because AT Films fails to properly base federal question removal on any federal cause of action — and the Court finds none — the removal fails under § 1441(b).

### 3. Separate or Independent Claim or Cause of Action

Even if the case properly raises a federal question and third-party defendant removal is permitted, AT Film must satisfy the "separate and independent" claim requirement of § 1441(c). *See Lewis*, 926 F.2d at 733 ("[T]hird party claims in one view are too ancillary to the main action to be classified as separate and independent."). But it does not attempt to prove such claim exists, nor does the Court find its existence. The minority of jurisdictions that permit third-party removal of a claim only do so when the claim is separate and independent of the main claim between the original defendant and original plaintiff. *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1119 (D. Minn. 2001). "[W]here there is a single wrong to a plaintiff, for which relief

11

is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Further, several cases involving third-party indemnification claims have found that no separate or independent claim exists. *See Lewis*, 926 F.2d at 733 n.11 ("[A] claim for tort indemnity, which is necessarily contingent and dependent on the outcome of the main claim and stems from the same wrong to the plaintiff, is not a separate and independent claim."); *Garnas v. American Farm Equipment Co.*, 502 F. Supp. 349, 351 n.5 (D.N.D. 1980) ("In one of the most common situations — a third party claim or cross-claim for indemnification — it is apparent that a separate and independent claim or cause of action is not presented."); *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 394 (D.N.J. 1999) ("[A] claim for indemnification cannot be "separate and independent"). *But see Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 (5th Cir. 1992) (indemnification claims based on a separate contract are separate and independent). In making all determinations of "separateness" and "independence," the complaint controls. *American Fire*, 341 U.S. at 14.

Here, Meyerhofer's complaint against AT Films seeks contribution and indemnification for any liability resulting from Manitoba's claim. Meyerhofer's liability may be determined, in part, by whether AT Films' negligence caused the pallet to fall. The Court concludes that Rattai's injuries stem from an "interlocked series of transactions"; that is, he was injured by a pallet that could have been loaded and/or unloaded negligently by either AT Films or Meyerhofer. Further, the fact that Meyerhofer impleads AT Films on a theory of tort indemnity renders the third-party claims ancillary. Accordingly, removal by AT Films is prohibited by the "separate and independent" claims requirement of § 1441(c).

## IV. CONCLUSION

Because the Court finds that Eighth Circuit case law does not permit third-party removal absent a specific authorizing statute, the Motion to Remand is granted. Even if third-party removal were permitted, AT Films fails the rule of unanimity in light of fellow defendant Meyerhofer's explicit desire not to remove. Further, AT Films' removal under § 1441(b) fails because no federal question arises in either complaint. Moreover, the forum defendant rule prevents removal based upon diversity jurisdiction. Finally, no separate or independent cause of action or claim exists to qualify for § 1441(c) removal. The Court finds that it lacks subject matter jurisdiction and therefore must remand the action to state court.

## V. ORDER

For the foregoing reasons it is hereby **ORDERED**:

1. Plaintiff's Motion to Remand (docket number 14) is **GRANTED**.
2. The Clerk of Court is directed to **REMAND** this action to state court.

DATED this 10th day of April, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA